8660

DEAVER-JETER CO. v. SOUTHERN RY.

1. CARRIER—FREIGHT.—THE CARMACK AMENDMENT does not relieve the terminal carrier of an interstate shipment of liability for damage or loss on its line.

2. IBID.—IBID.—ACTION.—The party to whom goods are sold, in whose name the B/L is made out and to whom it was sent, is the proper person to sue for damages or loss of goods by carrier. That the seller indemnified the buyer against the costs and expenses of the suit does not alter the right.

3. IBID.—ACT OF GOD.—THE BURDEN is on the carrier to show goods were destroyed by act of God and that it exercised due care to prevent the consequences. The Courts of this State do not follow the Federal rule as to the burden of proof in such cases.

Before F. B. GARY, J., Union, Fall term, 1912.  Affirmed.

Action by Deaver-Jeter Co. against Southern Railway Co. Defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *The State Courts have no authority to try this case:* 226 U. S. 491. *In this case the Federal rule of proof of loss by act of God should apply:* 10 Wall. 176.

*Mr. Jno. K. Hambling,* contra, cites: *The plaintiff is the proper party to bring this action:* 91 S. C. 503.   *The Carmack amendment dos not apply to this case:* 88 S. C. 365; 91 S. C. 379; 56 U. S. 516.   *Burden of proof of loss by act of God is on carrier:* 91 S. C. 61; 80 S. C. 210; 65 S. C. 509.

October 1, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   In August, 1908, the Fechheimer-Keifer Company, of Cincinnati, Ohio, sold plaintiff a bill of goods and delivered them to the Louisville and Nashville Railroad Company for transportation and delivery to plaintiff, at Carlisle, S. C.   The goods were destroyed at Hamberg, S. C., while in defendant's possession.   Defendant denied liability for the loss on the ground that it was caused by the act of God, to wit: an unprecedented flood in the Savannah River.   Under the instructions of the Court, the verdict established the fact that the flood was not the sole cause of the loss, but that the goods could have been saved by the exercise of due care, after the defendant knew, or should have known, that they were in peril.

Appellant's first contention is that the Circuit Court had no jurisdiction of the action, because the shipment was interstate, and, therefore, under what is known as the Carmack

amendment to the act of Congress, regulating interstate commerce, only the initial carrier is liable for the loss, and, of course, that carrier can be sued only in the Courts of the State of its legal residence. We have recently decided that contention adversely to appellant's view in the case of *Varnville Furniture Company* v. *C. & W. C. Ry. Co.*, MSS.

The next question is: Is the plaintiff the real party in interest, and entitled to maintain this action? There is no doubt of it. The testimony is that the goods were sold to the plaintiff and delivered to the initial carrier for the plaintiff, and the bill of lading was sent to the plaintiff. The general rule is that, in such circumstances, in the absence of an intention or agreement, expressed or implied, to the contrary, the title is in the consignee. 35 Cyc. 317, 4 A. & E. Enc. L. (2d) 525. In so far as the agreement of the Fechheimer-Keifer Company to save the plaintiff harmless from the costs and expenses of the action is relied upon by the defendant to sustain this objection, it is concluded by the decision on the former appeal in this case. 91 S. C. 503, 74 S. E. 1071. In so far as the testimony of the manager of the plaintiff company is relied upon for that purpose, it may be said that it was nothing more than his opinion on a question of law. The undisputed facts vested in plaintiff at least a *prima facie* title to the goods, and the right to maintain the action. There was no direct evidence that the sale had ever been rescinded. Even if it can properly be said that there was any conflict in the evidence, the question was submitted to the jury and resolved in plaintiff's favor.

There was no error in the instruction that the burden was upon defendant to prove that the goods were destroyed by the act of God, and that it had exercised due care to prevent the consequences of the act of God. Appellant cites and relies upon the case of *Railway Co.* v. *Reeves*, 10 Wall. 176, 19 L. Ed. 909, for the proposition that

when a carrier shows that a loss was caused by an act of God, as by flood, he is excused, without proving affirmatively that he was guilty of no negligence, and contends that, as this was an interstate shipment the law as declared by the Federal Supreme Court must be applied to the case. We cannot sustain that contention. The cause of action is not created or given by any Federal statute. It is an action given by the common law, and it is, therefore, subject to the same rules of law and evidence as any other common law action. *Aldrich* v. *R. Co., ante* 427, and cases cited. If the question were an open one, the case cited by appellant would be of very high persuasive authority, but as no Federal question is involved, it would not be of controlling authority, and as the question has been frequently decided otherwise in this Court, we feel bound to follow our own decisions. In *Ferguson* v. *Ry.*, 91 S. C. 61, 74 S. E. 129, the rule as stated in *Slater* v. *Ry.*, 29 S. C. 96, 6 S. E. 936, was approved. In the Slater case the rule is thus stated: "Where an act of God causes injury to property in the hands of a common carrier, and such act is the sole cause of such injury, then the proof of this fact is a perfect shield. But if there be any negligence on the part of the carrier, which, if it had not been present, the injury would not have happened, notwithstanding the act of God, the carrier cannot escape responsibility. And the *onus* is upon the carrier to show, not only that the act of God was the cause, but that it was the entire cause; because it is only when the act of God is the *entire* cause that the carrier can be shielded."

Without attempting any detailed statement or analysis of the testimony, which can subserve no useful purpose, we think there was evidence from which a reasonable inference could have been drawn that, if defendant had exercised proper diligence after it discovered, or should have discovered, that the goods were subject to the perils of the flood, they could have been saved. There was, therefore, no error

in submitting that issue to the jury, or in sustaining the verdict.

Judgment affirmed.

*Remittitur stayed on application for writ of error to United States Supreme Court.*