8973

EASTOVER MULE AND HORSE CO. v. ATLANTIC COAST LINE R. R. CO.

(83 S. E. 599.)

CARRIERS. INTERSTATE COMMERCE. CARMACK AMENDMENT. LIABILITY OF TERMINAL CARRIER. LIMITING LIABILITY FOR LOSS.

1. A terminal carrier of an interstate shipment is liable for loss of, or injury to, goods in its custody, notwithstanding the Carmack Amendment (June 29, 1906, c. 3591, sec. 7, 34 Stats. 593, U. S. Comp. Stats. Supp. 1911, p. 1307) to the Interstate Commerce Act (February 4, 1887, c. 104, sec. 20, 24 Stats. 386, U. S. Comp. Stats. 1901, p. 3169).

2. The burden is on the terminal carrier who delivers goods to the consignee to respond to any damage which occurred in transit or

to show that the damage occurred before the goods reached its hands. *Willet* v. *R. R. Co.,* 66 S. C. 478, 45 S. E. 93, followed.

3. The limit of damages for three head of stock killed being fixed by agreement of the parties at $100.00 each and there being no evidence of damage to the other stock beyond the sum of $297.50 claimed by plaintiff, recovery could only be had for $597.50 damages.

Before SPAIN, J., St. Matthews, May, 1913. Modified.

Action by Eastover Mule & Horse Company against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Henry E. Davis* and *M. M. Mann,* for appellants, submit: *Amount of verdict not supported by testimony. Under Carmack Amendment suit can not be maintained against terminal carrier of interstate shipment:* 34 U. S. Stats. 594; 223 U. S. 481; 46 L. Ed. 516; 226 U. S. 491; 57 L. Ed. 314; 226 U. S. 513; 57 L. Ed. 323; 226 U. S. 519; 57 L. Ed. 328; 227 U. S. 657; 57 L. Ed. 690; 228 U. S. 593; 57 L. Ed. 980; 250 U. S. 352; 57 L. Ed. 1511; 232 U. S. 470; 222 U. S. 370; 56 L. Ed. 237; 227 U. S. 248. *Must prove actual loss by carrier:* 79 S. E. 310.

*Messrs. DeBruhl, Smith & McLaughlin,* for respondent.

October 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action to recover $1,266.06 for damages to a car of live stock. Plaintiff had a verdict for $900.00. Defendant appeals.

FOOTNOTE.—As to effect of Carmack Amendment on State regulations as to stipulations limiting liability of common carriers for loss or damage to goods, see notes in 44 L. R. A. (N. S.) 257 and 50 L. R. A. (N. S.) 819.

The appellant has argued only two issues; they are: (1) The defendant's liability is only $605.71, if for anything; and not for $900.00, found by the jury.   (2) The defendant is not liable at all, by the terms of the Carmack Amendment.

These in an inverse order.   The following is the Carmack Amendment: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass; no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from liability hereby imposed: *Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law.

"That the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall *have been sustained,* the amount of such loss, damage or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment or transcript thereof."

By plain expression, that law makes the initial carrier liable for a loss or damage; it does not exempt from liability, expressly or by implication, the terminal carrier, or any other.

Without that law the terminal carrier would be liable; that law makes it so by implication, though not by expression.

The last paragraph, contemplating payment by the initial carrier, makes liable to it that carrier on whose line the injury shall have been sustained.

The terminal carrier, which may have caused the damage, is, by the statute, liable to the initial carrier which may have paid for the damage.

But the appellant's contention is, that such liability of the terminal carrier is limited by *expression* to the initial carrier. That is not so, the Congress did not mean to say that there should be two suits to settle one controversy, one by the consignee against the initial carrier, and another by the initial carrier against the terminal carrier. It was assumed, and therefore, no expression was made of it, that if the terminal carrier actually did the damage, it would, of course, be liable to the owner of the property. The statute was enacted because initial carriers had inaugurated a practice of stipulating in their bills of lading that they would not be liable for losses occurring on other lines. So the statute was aimed at initial and not terminal carriers. *Adams Ex. Co.* v. *Croninger,* 226 U. S. 504, 33 Sup. Ct. 148, 57 L. Ed. 34, 44 L. R. A. (N. S.) 257; *Deaver* v. *So. Rwy. Co.,* 95 S. C. 487, 79 S. E. 709.

There is, under the statute, no ground of policy or of reason why the appellant in this case should not be liable to the owner of this live stock if the appellant did the damage to it.

The implication, therefore, is that the appellant is liable.

But the contention of the appellant further is, that even though the Carmack Amendment does not exempt the terminal carrier from liability to the consignee, yet to establish such liability the consignee must prove that the damage was actually done on the terminal line.

In every logical inquiry presumption often takes the place of proof. So in the case at bar, the last man who handles a package is presumed to have damaged it, if it be damaged; for if he did not damage it, he above all others knows it.

The language of the Supreme Court of the nation, making the initial carrier liable, is applicable also to the terminal carrier. "The carrier and its agents, having received possession of the goods, were charged with the duty of delivering them, or explaining why that has not been done. This must be so, because carriers not only have means, but often the only means, of making such proof." *Galveston* v. *Wallace,* 223 U. S. 492, 32 Sup. Ct. 205, 56 L. Ed. 516.

So here, when live stock was received by appellant from the L. & N. Railway Co., the appellant knew if they were in good or bad condition; and they and the L. & N. R. R. Co. *alone* knew the fact. The presumption is that the appellant would not have received the car had the contents been in bad condition; or if it did so receive the car, it would have made some notation and protest of the condition of the stock; and proof that it did not do the damage would exempt it from liability.

Upon that issue, the appellant called no witnesses. It may be assumed, therefore, that the appellant did the damage to the stock.

In our opinion, the Carmack Amendment has not modified the law, as declared in *Willett* v. *R. R.,* 66 S. C. 478, 45 S. E. 93.

Nor is there any intimation in *DuPre* v. *Seaboard Air Line R. R. Co.,* 98 S. C. 468, 80 S. E. 710, that the consignee must prove damage by the terminal carrier.

The cases cited by appellant from the Supreme Court of the nation do not at all militate against the conclusions to which we have come, they rather sustain them.

We revert now to the first exception, that which has to do with the measure of defendant's liability, or to the amount of the verdict.

There were killed, three head of stock, and the value of it was confessedly limited to $100.00 each, by the contract of shipment.

There were injured, two mares and two mules, for which plaintiff filed a claim with the R. R. Co. for only $297.50.

It is true, that the plaintiff did not put this claim in evidence, but the defendant did, and it is an admission by the plaintiff of the damage done. There was no testimony by the plaintiff fixing a greater damage than $297.50 to the stock which was injured. The Circuit Court disallowed the balance of the claim, that for loss of sales, etc. It is plain, therefore, the plaintiff is entitled to have only $597.50.

The judgment of this Court is, that the judgment below be set aside and a new trial had, unless the plaintiff shall remit on the record within ten days after the filing of this opinion all the recovery in excess of $597.50.

But, if that be done, then the judgment below shall stand affirmed.