## 9154

### J. S. PINKUSSOHN CIGAR CO. v. CLYDE STEAMSHIP CO.

#### (85 S. E. 1060.)

APPEAL AND ERROR. REVIEW. CARRIERS OF GOODS. PRESUMPTION OF NEGLIGENCE. BURDEN OF PROOF. INTERSTATE COMMERCE. PENALTIES.

1. APPEAL AND ERROR—REVIEW.—The Supreme Court cannot review findings of fact in a law case, unless they are wholly unsustained by any evidence.

2. APPEAL AND ERROR—REVIEW.—In reviewing questions of fact on appeal from an inferior to the Circuit Court, the latter should give due weight to the findings of fact by the Court below, the burden being on appellant to show that those excepted to are against the weight of the evidence.

3. CARRIERS OF GOODS—LIABILITY.—Evidence showing that goods were delivered to a carrier in good order, and that they were damaged when delivered by the carrier to a drayman, makes a *prima facie* case against the carrier, upon whom the burden is cast to prove that the damage was not caused by its negligence.

4. INTERSTATE COMMERCE—PENALTIES.—The penalty prescribed by Civil Code 1912, sec. 2573, for failure to adjust freight claims within a specified time is inapplicable to interstate shipments.

Before RICE, J., Charleston, May, 1914. Modified.

Action by the J. S. Pinkussohn Cigar Company against Clyde Steamship Company. From judgment for plaintiff. defendant appeals.

*Messrs. Bryan & Bryan,* for appellant, submit: *Plaintiff has burden to show that damage occurred before delivery to drayman, who was the last carrier:* 1 Hutch. Carriers (3 ed.), sec. 68; 91 S. C. 272. *Burden on plaintiff that excepted risk was not sole cause of damage:* 194 U. S. 427; 12 How. 272; 11 Wall. 129. *As to penalty, claim not filed at proper place:* 86 S. C. 512.

*Messrs. Nathans & Sinkler,* for respondent, submit: *Exceptions too general:* 95 S. C. 385. *Findings of fact:* 34 S. C. 160. *Carrier must negative presumption of negli-*

FOOTNOTE.—See note in Ann. Cas. 1915b, 80, as to liability of initial carrier of goods under Carmack amendment.

*gence:* Civil Code 1912, sec. 2567; 39 S. C. 59; 56 S. C. 153; 26 S. C. 265. *Penalty:* 86 S. C. 512; 98 S. C. 63.

August 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment in the Civil and Criminal Court of Charleston for $194.21 damages done to a shipment from Jacksonville, Fla., to Charleston, S. C., and $50, the penalty prescribed by statute for failure to pay the claim within the time therein specified. This judgment was affirmed on appeal to the Circuit Court and defendant appealed to this Court.

The shipment consisted of a soda fountain and its parts, among which were several crates of marble.

The jury in the trial Court found that the damage occurred while the goods were in defendant's possession. It is needless to say that we have no jurisdiction to review the findings of fact, unless they are wholly unsustained by evidence.

It would serve no useful purpose to state the testimony in detail or to discuss the tendencies of the evidence. It is sufficient to say that there was evidence tending to prove that the goods were delivered to defendant at Jacksonville in good order, except that a piece was broken out of the back of the fountain which was noted on the bill of lading, and that, when they were delivered to plaintiff, at Charleston, four pieces of marble, besides the one noted on the bill of lading, were broken, and that the damage amounted to $194.21.

The contention that the drayman, who received the goods from the defendant and hauled them to plaintiff's place of business was a common carrier, and, therefore, under our decisions, the presumption arose, which, according to the contention, was not rebutted, that the damage was done by him—the last carrier—cannot help the defendant; because,

in that view, defendant was the initial carrier, and, this being an interstate shipment, defendant would be liable to plaintiff under the Carmack amendment of the act to regulate interstate commerce.    But we do not concede that either branch of the contention is correct.    However, the fact that the goods were not damaged before they were received by defendant, or after they were delivered to the drayman, was found against defendant, and, as we have said, there is evidence to sustain the finding.

In disposing of one of the issues of fact, the Circuit Court said : "Now, whether these pieces were broken while in the hands of the defendant or by the careless handling in removal from the wharf to plaintiff's place of business does not clearly appear.    However, as these matters were left for the jury to determine, and as both they and the Judge of the said Court are much better acquainted with the conditions existing and surrounding the transaction than I am, I cannot hold that there is any reversible error in the verdict."

We do not agree with appellant that the Court erred in giving due consideration to the findings of the trial Court, and in not deciding the questions of fact anew from the evidence, as if there had been no findings thereon in the trial Court.    Appeals from the Civil and Criminal Court of Charleston to the Circuit Court are heard upon the record sent up, just as appeals from magistrate's Court are heard by the Circuit Court.    The trial on appeal is not *de novo*.    The Circuit Judge does not see and hear the witnesses, and, as a rule, he does not know them, or their relative credibility, or the circumstances which might affect it, as well as the trial Court and jury.    Therefore, where the evidence is conflicting, or susceptible of more than one inference, the appellate Court should give due weight to the findings of the triers of facts who had the advantages mentioned.    The general rule in appellate Courts is that the findings of the Court below are *prima facie* cor-

rect, and the burden is upon the appellant to show that those excepted to are against the weight of the evidence.

The bill of lading provides that no carrier thereunder shall be liable for loss or damage resulting from a number of causes; among them is "breakage;" and it appeared that the damage complained of was caused by "breakage." Appellant contends, therefore, that, as there was no evidence of negligence, there was no liability.

When plaintiff proved that the goods were delivered to defendant in good order and that they were damaged when delivered to the drayman by defendant, a *prima facie* case was made out against defendant. The burden was then cast upon defendant to prove that it exercised due care and diligence, in other words, that the damage was not caused by its negligence. *Johnstone* v. *R. Co.*, 39 S. C. 55, 17 S. E. 512; *Crawford* v. *R. Co.*, 56 S. C. 136, 34 S. E. 80. This rule of evidence has been established and sanctioned by repeated decisions of this Court. The cases cited by appellant show that it is not in accord with the rule established by the decisions of the Federal Supreme Court, which is that, when the carrier proves that the loss or damage was the result of one of the excepted causes, the burden is upon the plaintiff to prove that it might have been avoided by the exercise of due skill and diligence, in other words, that the carrier was negligent. But for the reasons stated in *Deaver-Jeter Co.* v. *Ry.*, 95 S. C. 485, 79 S. E. 709, we feel bound to follow our own decisions.

Since the decision of this case on Circuit, the decision of this Court in *Varnville Furniture Co.* v. *C. & W. C. Ry.*, 98 S. C. 63, 79 S. E. 790, affirming the constitutionality of the statute under which the penalty of $50.00 was recovered in this case, has been reversed by the Federal Supreme Court, which holds that the statute is unconstitutional and void as applied to interstate commerce. 237 U. S. 597, 35 Sup. Ct.

715, 100 S. C. 227d. The penalty must, therefore, be remitted.

If the plaintiff shall remit the penalty within twenty days after notice of the filing of the remittitur herein in the Circuit Court, the judgment below will stand affirmed; otherwise a new trial is ordered.

Reversed *nisi*.