10408

## SOUTHERN TEXTILE MACHINERY COMPANY v. PIEDMONT & NORTHERN RAILWAY COMPANY.

### (103 S. E. 475.)

1. CARRIERS—PRESUMPTION THAT TERMINAL CARRIER CAUSED DAMAGE CAN BE REBUTTED.—Rule that terminal carrier is responsible for damaged condition in which goods are delivered operated only until carrier proves that it did not do the damage.

2. CARRIERS—HELD NOT CHARGEABLE WITH PRESUMPTION THAT IT WROUGHT DAMAGE, WHERE OTHER CARRIER SWITCHED CAR TO PLAINTIFF'S WAREHOUSE.—Where defendant carrier delivered sealed car to other carrier, to be switched a short distance to plaintiff's warehouse, and the other carrier received no part of the through freight, but charged defendant for switching, defendant was not the last carrier, and so was not chargeable with the presumption that it wrought the damage.

Before BOWMAN, J., Greenville, Spring term, 1919 Reversed.

Action by Southern Textile Machinery Co. against Piedmont and Northern Railway Company for damages to textile machinery in transit. From judgment for plaintiff, the defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, cite : *Under Carmack amendment no presumption that terminal carrier is liable:* Act June 29, 1906c, 3591, sec. 7, paragraphs 11-12; 34 Statute 593 (U. S. Comp. St. Supp. 1911, p. 1307). *Carmack amendment held not exclusive:* 98 S. C. 63; 99 S. C. 473. *But this judgment reversed 237 U. S. 597, and cases cited. Special regulations of State limiting carrier's liability for loss or damage to interstate shipments superseded:* 234 U. S. 412; 241 U. S. 371. *Defendant not last carrier under South Carolina rule not liable:* 99 S. C. 473. *Local city expressman, common carrier within meaning of this doctrine:* 66 S. C. 481; 84 S. W. 684.

*Messrs. Sirrine & Nettles,* and *Martin & Blythe,* for respondent, cite: *In South Carolina when damage is shown carrier is liable where goods are delivered to it in good condition, unless it can show that damage is due to some other cause than its negligence:* 39 S. C. 55; 56 S. C. 136; 101 S. C. 429. *Sufficient for plaintiff to show delivery to initial carrier in good order and receipt by plaintiff in bad order, to bind the terminal carrier:* 66 S. C. 477; 99 S. C. 473. *Stipulations in bill of lading held valid under Carmack amendment, even though in violation of State statute:* 226 U. S. 491; 44 L. R. A. (N. S.) 257; 233 U. S. 97; 58 L. Ed. 767. *Reversal in C. & W. C. Rwy. v. Varnville Furniture Co. was on account of penalty imposed:* 237 U. S. 597; 59 L. Ed. 1137. *In this case plaintiff invoking a rule evidence not inconsistent with Carmack amendment:* 31 L. R. A. (N. S.) 102; 4 R. C. L., sec. 383. *Terminal carrier liable for damage while in its possession notwithstanding Carmack amendment:* 95 S. C. 475. *Appeal dismissed upon motion in United States Supreme Court:* 225 U. S. 710; 59 L. Ed. 436. *Southern Railway merely agent of P. & N. Rwy.:* 118 S. W. 853.

May 12, 1920.

The opinion of the Court was delivered by Mr. Justice Gage.

The plaintiff had a verdict and judgment for damage to a lot of mill machinery which the defendant, amongst others, carried. The initial carrier from Fall River, Mass., was the New York, New Haven & Hartford; thence by other carriers, the Seaboard Air Line being one of them, to Greenwood, S. C.; thence by the defendant company to Riverside Junction, a point near the city of Greenville; thence by the Southern Railway, over its tracks, to the plaintiff's warehouse, in the city of Greenville.

The machinery was a carload lot, with unbroken seals, the whole distance from Fall River to Greenville. There

is no dispute about the damage to the property; the only dispute is about the agency which accomplished the damage. The testimony does not show what agency did the damage; it only tends to show that when the machinery left Fall River it was intact, and when it arrived at the plaintiff's warehouse it was the contrary. The distance betwixt the termini is about 2,000 miles; the distance from Greenwood to Greenville is about 60 miles.

To fix the damage on the defendant, the plaintiff relies on the rule we laid down in *Willet v. So. Railway,* 66 S. C. 478, 45 S. E. 93, and again followed in *Eastover v. A. C. L.,* 99 S. C. 473, 83 S. E. 599. That is a rule of convenience, and of necessity, as well; but it operates only until the terminal carrier proves that not to be true which is assumed to be true.

In the instant case, however, the defendant denies that it was the last carrier, and that the rule has, therefore, no application to it. The testimony does show that at Riverside Junction, which locality is a short distance from the plaintiff's warehouse, the sealed car was put into the hands of another carrier, and that such carrier transported the car over its tracks for a short distance to the plaintiff's warehouse. The defendant thus seeks to save itself from the presumption, and the consequences of it, of being the last person to have had the custody of the car.

In answer to that contention the plaintiff says that the testimony establishes the fact that the other carrier only "switched" the car over its tracks for the defendant for a compensation of $2, and that the other carrier got no part of the through freight charges, and from that circumstance the plaintiff draws the conclusion of law that the other carrier was not at all the last connecting carrier of the car, but was merely an agency of the defendant company to carry the car to its ultimate destination. The trial Court left it to the jury to find who was last carrier.

It is not denied by the plaintiff, but is admitted, that the car was "switched" over the tracks of another carrier from Riverside Junction to the plaintiff's warehouse. The issuable fact is, What responsible agency did the switching? which is but another name for carrying. The other carrier, it is true, got no part of the through freight charges; but that circumstance does not conclusively fix the character of its service. The other carrier got its remuneration from another source, fixed by another agency than the plaintiff's contract with the initial carrier, as evidenced by the bill of lading.

The testimony, beyond a reasonable doubt, for there is none to the contrary of it, establishes how the other carrier came to take hold of the car and to charge $2 for the service of switching; it was pursuant to a rule of the Interstate Commerce Commission. It is plain, therefore, that the other carrier was not acting for the defendant, but was acting pursuant to the direction of another authority.

In that view the defendant was not the last carrier, and is, therefore, not chargeable with the presumption that it wrought the damage. A verdict ought to have been directed for the defendant, and must yet be.

The judgment is reversed.

July 2, 1920. PER CURIAM. Petition for rehearing refused.