10613

PEOPLES HARDWARE COMPANY v. RALEIGH & CHARLESTON RAILWAY COMPANY

(107 S. E. 146)

1. CARRIERS—IT IS PRESUMED THAT GOODS WERE DAMAGED WHILE IN POSSESSION OF DEFENDANT TERMINAL CARRIER, AND PLAINTIFF NEED NOT MAKE SUCH PROOF.—In an action against the terminal carrier, it is presumed that the goods were damaged while in its possession, and it is not necessary to prove the loss or damage occurred on the defendant's line, or while in its possession.

2. CARRIERS—STATE RULE AS TO PRESUMING LOSS OR DAMAGE TO GOODS WHILE IN POSSESSION OF TERMINAL CARRIER NOT SUPERSDED BY THE CARMACK AMENDMENT.—The South Carolina rule that loss or damage to goods will be presumed to have occurred while with the terminal carrier, in absence of proof to the contrary, has not been superseded or changed as to goods in interstate commerce by the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) and federal decisions thereunder.

Before TOWNSEND, J., Dillon, October term, 1919. Reversed.

Action by the Peoples Hardware Co. against Raleigh & Charleston Ry Co. for damage to freight. From directed verdict for defendant the plaintiff appeals.

This was an action commenced in May, 1919, and brought by the Peoples Hardware Company, a corporation engaged in the retail hardware business at Lake View (then Page's Mill) in Dillon County, and against the respondent railroad company, to recover the sum of $462.94 for alleged damages to a carload of stoves shipped to appellant from Nashville, Tenn., on June 29, 1918. The car of stoves was delivered to the Nashville, Chattanooga & St. Louis Railroad Company, as the initial carrier, and for which it issued its through bill of lading. The action was brought against the respondent, as the terminal or delivering carrier. The complaint alleges the delivery of the car by the consignor to the initial carrier, in good condition, and the delivery of the said stoves by the respondent to the appellant in a damaged and broken condition, and that as a result of the broken and damaged condition of the stoves, brought about while in the possession of the respondent, or of its agents, the appellant has been damaged in the sum of $462.94. The answer of the respondent was a general denial.

*Mr. W. C. Moore,* for appellant, cites: *Presumption of damage by terminal carrier is not affected by Carmack amendment*: 66 S. C. 478; 237 U. S. 597; 35 Sup. Ct. 715; 99 S. C. 472; 114 S. C. 141; 100 S. E. 233; 4 R. C. L. 925-6. *In 237 U. S. 597, the only question was as to the validity of penalty statute*: Sec. 2573, I Civ. Code 1912.

*Mr. M. C. Woods,* for respondent: *No proof of injury to shipment in hands of terminal carrier, and only ground of recovery would be presumption of damage by such carrier*: 66 S. C. 477; 99 S. C. 470. *But this presumption is not available to plaintiff as car was under seal, and the pre-*

*sumption has been superseded by the Carmack amendment*: 237 U. S. 597, 59 L. Ed. 1137; *and proviso to that amendment does not apply to State Law but only to Federal Law*: 226 U. S. 491, 57 L. Ed. 314.

April 21, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The first ground of the motion for a directed verdict was as follows:

"Because there is no proof whatever that the loss or damage occurred on defendant's line, or to plaintiff's goods, while in defendant's possession."

The defendant was the terminal carrier, and the presumption was that the goods were damaged while in its possession. *Willett v. Railway,* 66 S. C. 477, 45 S. E. 93; *Mule and Horse Co. v. Railway,* 99 S. C. 470, 83 S. E. 599; *Cigar Co. v Steamship Co.,* 101 S. C. 429, 85 S. E. 1060; *Southern Textile Co. v. Railway,* 114 S. C. 141, 103 S. E. 475.

The second ground of the motion was as follows:

"Because the rule in South Carolina, that loss or damage will be presumed to have occurred on the terminal carrier, in the absence of proof to the contrary, has been superseded by the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa), and the federal decisions thereunder when applied to goods in interstate commerce."

The defendant's attorney relies upon the decision, in *Charleston & W. C. Ry. v. Varnville Furniture Co.,* 237 U. S. 597, 35 Sup Ct. 715, 59 L. Ed. 1137, Ann. Cas. 1916D, 333. The question now under consideration was not involved in that case, as is clearly shown by the language of the Court, to wit:

"The penalty, the only matter that we are now considering, was exacted for the failure to pay both claims, within

40 days, irrespective of the question whether adequate investigation had been possible, as required by the Interstate Commerce Commission's rulings Nos. 462, 236 and 68."

As the United States Supreme Court has not rendered a decision, contrary to the rulings of this Court, upon the question involved, the conclusion necessarily follows that his Honor the presiding Judge erred in directing a verdict in favor of the defendant.

Reversed.

MR. JUSTICE COTHRAN: I concur upon the ground that the Supreme Court of the United States has held in the case of *Railway Co. v. Rankin,* 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265, that the Carmack Amendment merely imposed a liability upon the initial carriers for a loss occurring on the line of a connecting carrier, and has not changed the common-law doctrine in respect to a carrier's liability for loss occurring on its own line. This latter fact may be established either by positive evidence or by the unrebutted presumption referred to in the opinion herein. See, also, *Ry. Co. v. Collins,* 235 Fed. 857, 149 C. C. A. 169; *Erisman v. Railroad Co.,* 180 Iowa 759, 163 N. W. 627. It not appearing from any authority cited that this rule of presumption does not obtain in the Federal Courts, it is not shown that its application is prejudicial.