7485

HARTER v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. CARRIER—FREIGHT.—The only reasonable inference to be drawn from the evidence in this case is that the claim was filed for the amount sued for.

2. IBID.—IBID.—There being no evidence to support the allegation that this was necessarily an interstate shipment, it is treated as an *intra* state shipment, and filing the claim for damages to freight with the agent of the terminal carrier at point of destination is filing the claim with the agent of a connecting carrier losing part of the shipment under 24 Stat., 1.

3. IBID.—IBID.—INTEREST.—Consignee of freight is entitled to interest on his claim for damages to freight without demanding it in his complaint.

4. IBID.—IBID.—PRESUMPTION of loss of part of a single shipment of freight by the terminal carrier from delivery of a portion and collection of freight on the whole is overcome by the admission of a connecting carrier of the loss on its line.

Before ALDRICH, J., Barnwell, July 1908.   Affirmed.

Action by J. J. Harter against Charleston & Western Carolina Railway Company, Columbia, Newberry & Laurens Railroad and Atlantic Coast Line Railroad. From Circuit order modifying judgment of magistrate, W. R. Brabham, defendant, Atlantic Coast Line Railroad, appeals.

*Messrs. P. A. Willcox, J. T. Barron* and *Wyman & Wyman,* for appellant.

*Messrs Wyman & Wyman,* cite: *The shipment was interstate:* 81 S. C., 162, 169; 29 S. C., 510; 187 U. S., 616.

*Mr. Jas. M. Patterson,* contra, cites: *The C. & W. C. Ry. should not have been dismissed:* 69 S. C., 326.

March 11, 1910. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action before magistrate to recover the value of a set of harness, eight dollars and freight thereon paid, twenty-five cents, together with the statutory penalty of fifty dollars for failure to adjust the claim within the time required by law. The judgment of the magistrate was against all the defendants for fifty-nine dollars, which included interest on the claim from the date of its filing, January 24, 1906. The defendants appealed to the Circuit Court and Judge Aldrich reversed the judgment of the magistrate as to Charleston & Western Carolina Railway Company, and Columbia, Newberry & Laurens Railway, but affirmed the judgment as to the Atlantic Coast Line Railway. From the judgment, the plaintiff and the defendant, A. C. L. R. R., both appeal.

The defendant railway contends, first, that the magistrate was without jurisdiction, as the testimony fails to show the amount of claim alleged to have been filed.

The plaintiff testified: That this set of harness was bought in Bennettsville, S. C., cost eight dollars. There

was several sets of harness in this shipment, all arrived but one set checked short. That the bill of lading was filed with the Charleston & Western Carolina Railway Company at Fairfax, S. C., together with freight bill, invoice and claim on January 24, 1906, and that the freight paid was twenty-five cents. The only reasonable inference from this testimony is that the claim was filed for eight dollars and twenty-five cents, the claim as sued for. The jurisdiction of the magistrate affirmatively appears on the record.

The next contention is that nonsuit should have been granted because the testimony showed conclusively that the only claim filed was with the agent of the C. &. W. C. Ry. Co., and that no claim had been filed with any agent of the appellant, Atlantic Coast Line Railway Company.

The record shows that the freight was shipped from Bennettsville, S. C., bill of lading issued by the Atlantic Coast Line Railway to its destination, Fairfax, S. C. The A. C. L. R. R. alleged in its answer that the route of the shipment was from Bennettsville, S. C. over the A. C. L. R. R. lines to Columbia, S. C.; from Columbia, S. C., over the C., N. & L. R. R. Co. lines to Laurens, S. C.; from Laurens, S C., over the C. & W. C. Ry. lines, *via* Augusta, Ga., to Fairfax, S. C., the point of destination. But there was no evidence in support of the allegation and no showing that such was the usual or necessary routing. Hence it is proper that we should treat the shipment as *intra* state. Moreover, the appellant alleged in its answer that part of the shipment of boxes of harness followed the above routing, but that one box or set of harness was lost while in the possession of the A. C. L. R. R. In such circumstances the agent of the C. & W. C. Ry. Co. at Fairfax, S. C. must be regarded as the agent of the A. C. L. R. R. Co., a connecting carrier, with respect to the filing of a claim for loss to such shipment, under the act of May 13, 1903, which

in *Venning* v. *R. R. Co.*, 78 S. C., 42, 58 S. E., 983, was held void only so far as it applied to interstate shipments. The penalty statute, 24 Stat., 1, expressly requires that the claim shall be filed at the point of destination.

It is also contended that plaintiff, not having demanded interest in his complaint, should not have been allowed to recover interest on the claim. The statute expressly provides that the carrier shall be liable for the amount of such loss or damage together with interest thereon from the date of the filing of the claim therefore until the payment thereof. This is fixed as a measure of damages and follows on proof of the conditions upon which it depends. *Walker* v. *Railway*, 76 S. C., 313, 56 S. E., 952.

The plaintiff in his appeal contends that the Circuit Court was without jurisdiction to reverse the judgment of the magistrate against the Columbia, Newberry & Laurens Railroad because the company had not appealed from the magistrate's judgment.

This is founded in a misconception. The record shows as follows: "The judgment of the magistrate was against all the defendants from which judgment the said defendants appealed to the Circuit Court."

Plaintiff further excepts that there was error in reversing the judgment of the magistrate as to the Charleston & Western Carolina Railway Company; (1) because there was nothing to sustain said appeal except an admission by its co-defendant that the goods were lost on its line of road: (2) because the evidence showed partial delivery by the C. & W. C. Ry. Co. to the consignee, the acceptance of freight by it, the filing of the claim with it and non-payment thereof.

It is true that the delivery by the terminal carrier of a part of a single shipment of goods and the receipt by it of freight for the whole shipment would raise a presumption that the loss occurred on its line and would cast upon it the burden of showing that the loss did not occur on its line.

*Charles* v. *Railroad Co.*, 78 S. C., 38, 58 S. E., 927, but in this case the Atlantic Coast Line Railroad Co. admitted that the loss occurred while on its line. The Circuit Court having found this as a fact, and this Court being bound by the findings of fact by the Circuit Court when there is any evidence to support it, the presumption is overcome by the fact.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.