## 11020

### GWATHMEY v. FOOR HOTEL COMPANY *ET AL.*

#### (113 S. E., 688)

1. EVIDENCE—MEMORANDUM MADE BY WITNESS AT TIME OF LOSS AND IDENTIFIED AND VOUCHED FOR BY HIM ADMISSIBLE.—On witness identifying a memorandum as a list of goods in his lost trunk, made by him practically contemporaneously with the loss, and vouching for its correctness, it is admissible in evidence.

2. INNKEEPERS—SUBMISSION OF ISSUE OF PUNITIVE DAMAGES FOR LOSS OF TRUNK OF GUEST AUTHORIZED BY EVIDENCE.—Evidence in action against innkeepers for loss of a guest's trunk, stolen from the trunk-room in which defendants stored the baggage of guests, *held* to support an inference of reckless, if not conscious disregard of duty to exercise due care, authorizing submission of issue of punitive damages.

3. NEW TRIAL—CIRCUIT JUDGE CANNOT IN A JURY CASE REDUCE AMOUNT OF VERDICT FOR TORT WITHOUT GIVING PLAINTIFF THE OPTION OF A NEW TRIAL.—The authority of a Circuit Judge to correct, modify, or interfere with the verdict in a case properly triable by jury is embraced in and limited to the power to grant new trials (Civ. Code 1912, § 3831; Code Civ. Proc. 1912, § 324), so that the amount of verdict for a tort cannot be reduced without allowing plaintiff the option of a new trial.

Before WILSON, J., Spartanburg.    Reversed conditionally on defendant's appeal.

Action by Mrs. Leila S. Gwathmey against the Foor Hotel Company and another. From judgment for plaintiff, defendants appeal, and from order reducing the amount of verdict plaintiff appeals. Reversed conditionally on defendant's appeal.

*Messrs. L. W. Perrin* and *C. E. Daniel,* for defendants-appellant cite: *Memorandum cannot be introduced in evidence, but only used to refresh memory of witness:* 15 S. C., 444; 72 S. C., 120; 74 S. C. 332; 41 S. C., 149; 41 S. C., 191.

*Mr. A. E. Hill,* for plaintiff, cites: *Memorandum admissible:* 41 S. C., 149; 46 S. C., 104. *If notations made at time:* 79 S. C., 250. *Punitive damages:* 81 S. C., 333; 88 S. C., 7; 90 S. C., 311; 92 S. C., 72; 101 S. C., 73; 103 S. C., 467; 94 S. C., 282. *Circuit Judge cannot reduce a verdict without granting a new trial risi:* 81 S. C., 535; 87 S. C., 67.

October 4, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff recovered a verdict for $1,650.70 actual damages and $1,125 punitive damages on account of the loss by defendants of a trunk and contents in their possession and custody as innkeepers. On motion by the defendants 'for a new trial the Circuit Judge reduced the verdict for punitive damages to $500. From judgment on the verdict, presumably as reduced by the Circuit Judge, defendants appeal. From the order of the trial Judge reducing the amount of the verdict for punitive damages, the plaintiff appeals.

*Defendants' Appeal.* Exceptions, numbered 1 and 2, assign error in the admission in evidence over defendants' objection of "the list of lost articles as claimed to have been prepared by plaintiff and identified by her." The list in question was a memorandum in writing of the missing contents of the lost trunk and of the cost prices of the various articles, which the plaintiff had made and shown to the defendant, Foor, immediately after the loss of the trunk. Plaintiff, being on the stand, identified this list, testified as to the circumstances under which

it was made at a time practically contemporaneous with the loss of the trunk, and vouched for its correctness. The list was then offered in evidence, and its introduction objected to on the ground that, while the list could be used to refresh the witness' memory, the paper itself could not properly be introduced. Judge Wilson admitted the memorandum upon the ground that, since the witness could use it to refresh her memory, and had already testified to the correctness of the list as a whole, to require that she repeat in detail by testifying to each item would uselessly consume the time of the Court.

The memorandom was properly admitted. Our decisions establish the early recognition in this jurisdiction of the propriety of allowing "the writing itself to go to the jury, in all cases where it is made by the witness, at the time of the fact, for the purpose of preserving the memory of it, although at the time of testifying he can recollect nothing further than that he accurately reduced the whole transaction to writing." *O'Neal v. Walton,* 1 Rich., 234; *State v. Rawls,* 2 Nott & McC., 333. See, also, Wigmore on Evidence, § 755, p. 829; *Pearson v. Wightman,* 1 Mill, Const., 344; 12 Am. Dec., 636; *Haig v. Newton,* 1 Mill, Const. 423; *Cleverly v. McCollough,* 2 Hill, 446; *Franklin v. Railway,* 74 S. C., 337; 54 S. E., 578. If such a writing is admissible in the circumstances indicated, it would seem clear that the memorandum in the case at bar, made by the witness at or immediately after the loss of her trunk, verified under her oath as a witness, and adopted as a part of her evidentiary statement at the trial, was properly admitted in evidence. The loose use of the term "refreshing the memory" to cover "both the revivification of a present actual memory and the adoption of a past recorded memory" has been noted by Dr. Wigmore in his work on Evidence, p. 821, § 725. Those two uses of the term correspond substantially to the two classes of cases in which a paper writing may be employed to support the

memory of a witness as pointed out by this Court in *Bank v. Zorn,* 14 S. C., 444; 37 Am. Rep., 733, where it is said:

"The rule upon this subject, in its broadest outline, embraces two classes of cases: First, where the witness, after referring to the paper, speaks from his own memory, and depends upon his own recollection as to the facts testified to; second, where he relies upon the paper and testifies only because he finds the facts contained therein. In the first class the paper is always permitted to be used by the witness without regard to when or by whom made. In the second class this rule of admission is much more stringent. In fact, it cannot be used unless it be an original paper made by the witness himself, and contemporaneously with the transaction referred to."

It is apparent that the paper here in question could not only have been properly used to revivify present memory, but was competent as a record of the witness' past recollection under the more stringent rule of admission referred to in *Bank v. Zorn.* It was a record made by the witness herself at the time of the loss of the trunk or immediately thereafter. By verifying and adopting the record, whether by virtue of present or past recollection, the record so adopted became to that extent an embodiment of the witness' present testimony. In such case the correct principle, as we apprehend, is thus stated by Wigmore, 848, § 754:

"The record, verified and adopted, becomes a present evidentiary statement of the witness; and as such it may be handed or shown to the jury by the party offering it."

Or as stated by the Ohio Court in *Moots v. State,* 21 Ohio St., 653:

"The entry in the book and the oath of the witness supplement each other. The book was really a part of the oath, and therefore admissible with it in evidence."

The only other exception assigns error in the refusal of defendants' motion for a directed verdict as to punitive damages. There was testimony tending to

establish that the trunk room, in which defendants stored the baggage of the guests of their hotel had an outside door opening upon a "little street"; that any one could easily drive a wagon up to this side door and take a trunk out without the knowledge of any employee of the hotel; that prior to loss of plaintiff's trunk the defendants were in the habit of leaving this outside door unlocked; that the attention of the clerk of the hotel and other employees had been directed to their carelessness, as to the exposed condition of the property of guests, by a police officer of the city; that the clerk when cautioned had admitted to the policeman that "they were careless around there"; that a large military encampment was being maintained near the city, and that the hotel employees had been told that "the town was full of crooks and thieves," etc. We are of the opinion that the testimony as a whole was sufficient to support an inference of reckless, if not conscious, disregard of the duty owed by defendants to exercise due care with respect to the safe-keeping of plaintiff's property, and that the issue as to punitive damages was properly submitted to the jury.

*Plaintiff's Appeal.* The plaintiff's only exception imputes error to the Circuit Judge in "reducing the amount of the verdict for punitive damages, in that he thereby exceeded his authority," etc. The defendants, having made a motion for a new trial, the Judge passed an order, the pertinent provisions of which are as follows:

"Ordered, that the verdict for punitive damages be reduced to the sum of five hundred dollars ($500.00), and that the motion for new trial be refused."

The authority of a Circuit Judge to correct, modify, or interfere with the verdict of a jury in a case properly triable by jury is embraced in and limited to the power to grant new trials. Civil Code 1912, § 3831; Code Civ. Proc.

1912, § 324. `Obviously, the absolute power to change or modify the findings of a jury upon an issue of fact properly submitted to them would, when exercised, amount to the substitution of the trial Judge's findings for the verdict of the jury and to the abrogation in such cases of the right of trial by jury. There being no question as to the legal right of the plaintiff in her action of tort for unliquidated damages to have the amount of damages determined by a jury, the order of the Circuit Judge must be adjudged erroneous in so far as it reduced the amount of the verdict without allowing the plaintiff the option of a new trial *nisi*. See, generally, *Nettles v. Harrison,* 2 McCord, 230; *Davis v· Ruff,* Cheves, 17; 34 Am. Dec., 584; *Fripp v. Martin,* 1 Speers, 236; *Warren v. Lagrone,* 12 S. C., 51; *Wilson u. Railroad,* 16 S. C., 592; *Finch v. Finch,* 21 S. C., 342; *Levi v. Legg,* 23 S. C., 282; *Beaudròt v. Railway Co.,* 69 S. C., 160; 48 S. E., 106; *Hall v. Railroad,* 81 S. C., 522; 62 S. E., 848. ·

The substantial effect of this opinion is to modify the order of Judge Wilson so that the plaintiff is adjudged to be entitled to a trial, unless she shall, within 20 days from the filing of the remittitur in the Court of Common Pleas for Spartanburg County, serve notice in writing upon the defendants, or their attorneys of record, of her election to accept the verdict as reduced by the Circuit Judge and to abide by the judgment thereon entered. Upon service of such notice by the plaintiff and the filing thereof in the office of the Clerk of Court of Common Pleas, it is adjudged that the judgment of the Circuit Court be affirmed. If plaintiff's election to abide by the judgment entered upon the verdict as reduced by the Circuit Judge shall not be declared by the service and filing of said notice within the time limited, the judgment of the Circuit Court is reversed, and a new trial granted.