## 11291

### COPELAND CO. v. DAVIS, DIRECTOR GENERAL, *ET AL.*

#### (119 S. E., 19)

1. CARRIERS—BURDEN ON PLAINTIFF TO SHOW QUANTITY OR CONDITION WHEN GOODS DELIVERED TO INITIAL CARRIER; "LOSS AND DAMAGE."—The term "loss and damage" including, as it does, both goods received in a damaged condition and short shipments, burden is on the plaintiff, in an action for either loss or damage, to show the condition or quantity of the goods when delivered to initial carrier.

2. CARRIERS—ON PROOF OF DELIVERY IN GOOD CONDITION AND RECEIPT IN DAMAGED CONDITION, PRESUMPTION ARISES THAT LOSS OR DAMAGE ;OCCURRED DURING POSSESSION OF TERMINAL CARRIER.—On proof of the condition or quantity of goods delivered to an initial carrier, and proof of a damaged condition or deficiency in quantity at delivery, a presumption arises that the loss or damage occurred while in the possession of the terminal carrier.

3. EVIDENCE—AFFIDAVIT OF CONSIGNOR'S SHIPPER AS TO CONTENTS OF SHIPMENT HELD INADMISSIBLE IN ACTION FOR GOODS LOST IN TRANSIT.—In an action to recover for clothing lost in transit, where consignor's shipper testified that he had no recollection of the particular shipment, an affidavit by him as to the contents of the shipment, prepared by others from another slip not in evidence and signed by him more than a month after the shipment, *held* inadmissible.

4. WITNESSES—REQUISITES OF MEMORANDUM FROM WHICH WITNESS MAY TESTIFY STATED.—Where a witness, after referring to a memorandum, testifies from his memory, depending on his recollection of the facts, it is immaterial when or by whom the memorandum was made; but if he relies on a memorandum, and testifies only to the facts contained therein, the memorandum, to be so used, must be an original paper made by the witness contemporaneous with the transaction referred to.

5. CARRIERS—INTEREST ALLOWABLE ON RECOVERY AGAINST CARRIER FOR
   GOODS LOST IN TRANSIT.—The allowance of interest on a recovery
   for goods lost in transit is not error.

Before MAULDIN, J., Richland, 1923.  Reversed and
remanded.

Action by Copeland Co. against James C. Davis, Direc-
tor General, and Clyde Steamship Co.  Judgment for plain-
tiff and defendants appeal.

*Messrs. Frank G. Tompkins, Barnett & McDonald* and
*Moffatt & Hyde,* for appellant. Mr. Tompkins cites:
*When affidavit is admissible as evidence:* Wigmore Evid.
(1st Ed.) Sec. 1384, 1708, 1709-10, 1122-24. *Records
withheld presumed to be detrimental:* 121 S. C., 94. *Bill
of Lading covers only package as received by carrier:* 117
S. E., 188; 240 U. S., 630. *Error to allow interest on
open account:* 19 S. C., 440; 97 S. C., 189.

*Mr. Edward L. Craig,* for respondent, cites: *Concealed
loss:* 78 S. C., 82; 84 S. C., 362. *Delivery in damaged
condition presumes damage by terminal carrier:* 116 S. C.,
192; 116 S. C., 145; 77 S. C., 317; 76 S. C., 310; 66 S. C.,
478. *Effect of Carmack Amendment:* 99 S. C., 470. *Af-
fidavit made admissible by cross-examination:* Starkie
Evid. (10th Ed.) 62; 1 Greenl. Evid. Sec. 123, 164, 553,
554. *Right of consignee to interest on loss:* 85 S. C., 192;
38 S. C., 89; 1 Civ. Code, 1912, Sec. 2806; 28 L. R. A.
(N. S.), 1.

September 3, 1923.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for $882, the value of 33 suits of clothes, alleged
to have been missing out of a box said to have contained
99 suits, when shipped by Arnold Leucheim Company at
Philadelphia, to the plaintiff at Columbia, on January 16,
1919.  The shipment appears to have been delivered for

shipment to the defendant Clyde Steamship Company under a through bill of lading via Southern Railway at Charleston to Columbia.

The defendants contend that the goods were contained in a sealed box, and that the box was delivered by the railway company in the condition in which it was received by the steamship company, and offered evidence in support of that contention. The plaintiff offered evidence tending to show that, when the box was delivered at Columbia, it showed unmistakable evidence of having been broken into while in transit and a part of the contents abstracted; that the invoice called for 99 suits, and there were only 66 in the box, a shortage of 33 suits, worth $882.

The case was tried in the Common Pleas Court before Hon. T. J. Mauldin, Circuit Judge. The plaintiff alleged his damage at $882, and prayed for judgment for that amount. The presiding Judge allowed the jury to add interest thereto, and the verdict was for $1,000.

The appeal raises two questions:

(1) Was there error in admitting in evidence an affidavit made by the shipper's packer on February 17, 1919, a month after the date of the shipment, showing the contents of the box?

(2) Was there error in allowing the plaintiff interest upon the claim of $882, the alleged value of the missing stock?

As to the first question: It was an essential part of the plaintiff's case to establish the fact that the suits claimed to have been lost in transit were actually in the box when it was delivered to the steamship company for transportation. The term usually employed, "loss and damage," applied to shipments, includes both goods received in a damaged condition and short shipments; that is, where the goods delivered to the consignee are deficient in quantity. In either case the burden is first upon the consignor or con-

signee to show the condition or quantity of the goods when they were delivered to the first of the connecting carriers.

If the goods are delivered to the consignee in a damaged condition, the fact that they were actually received by the first carrier is manifest. The consignee, however, must show that their condition at that time was good. If the goods, or a part of them, have not in fact been delivered to the consignee, a case of deficiency in quantity, the consignee must show that they were in fact delivered to the first of the connecting carriers.

2    If the bill of lading should acknowledge the receipt of a definite number of specific articles, as for so many bales of cotton, horses, mules, cattle, suits of clothes, or other goods, it will doubtless constitute presumptive evidence of such delivery; but where, as in the case at bar, it acknowledges the receipt of a package, "one case clothing No. 137, contents and condition of contents of package unknown," and the consignee claims a deficiency in quantity, it is incumbent upon him to show the quantity at the time of delivery to the first connecting carrier. Upon evidence by the consignee of such condition or quantity when the goods were delivered to the first connecting carrier, and that when delivered to him they were either in a damaged condition or deficient in quantity, the presumption arises that the loss or damage occurred while in the possession of the delivering or terminal carrier. This is the rule established by the decisions of this Court in the following cases: *Willett v. Railroad Co.*, 66 S. C., 477; 45 S. E., 93. *Skipper v. Railroad Co.*, 75 S. C., 276; 55 S. E., 454; 7 L. R. A. (N. S.), 388; 117 Am. St. Rep., 901; 9 Ann. Cas., 808. *Walker v. Railroad Co.*, 76 S. C., 308; 56 S. E., 952. *Charles v Railroad Co.*, 78 S. C., 36; 58 S. E., 927; 125 Am. St. Rep., 762. *Venning v. Railroad Co.*, 78 S. C., 42; 58 S. E., 983; 12 L. R. A. (N. S.), 1217; 125 Am. St. Rep., 768. *Cooper v. Railroad Co.*, 78 S. C., 81; 58 S.

E., 930. *Lowry v. Railroad Co.,* 88 S. C., 311; 70 S. E., 806. *Parnell v. R. Co.,* 91 S. C., 270; 74 S. E., 491. *Eastover Co. v. Railroad Co.,* 99 S. C., 470; 83 S. E., 599. *Railroad Co. v. Furniture Co.,* 237 U. S., 597; 35 Sup. Ct., 715; 59 L. Ed., 1137, Ann. Cas. 1916D, 333 (100 S. C., 229 note) c. *Southern Co. v. Railroad Co.,* 114 S. C., 141; 103 S. E., 475. *People's Co. v. Railroad Co.,* 116 S. C., 145; 107 S. E., 146. *Nimmer v. Railroad Co.,* 116 S. C., 190; 107 S. E., 479.

That this rule of presumption has not been affected by the Federal Legislation upon the subject is conclusively settled by the recent case, in the Supreme Court of the United States, of *Chicago & N. W. R. Co. v. Whitnack Co.* (opinion filed April 10, 1922), 258 U. S., 369; 42 Sup. Ct., 328; 66 L. Ed., 665, which cites with approval the Willett and Eastover Cases, *supra.* The Court approves the rule declared in Hutchinson on Carriers (3d Ed.) § 1348, which we quote, not only for the purpose of sustaining the presumption, but of showing the burden of proof which in the first instance rests upon the consignee:

"A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers, being shown, the presumption will arise that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession."

Counsel for the plaintiff appear fully to have appreciated the burden resting upon them of proving that, when the box was delivered in Philadelphia to

the steamship company for transportation, it actually contained the 33 missing suits. The question is whether or not, in carrying that burden, they were allowed to introduce evidence which should not have been admitted. The only evidence offered by the plaintiff to show that the suits claimed to have been lost were packed in the box, case 6107, and delivered to the first connecting carrier, was the testimony of the witness Berger. He stated that he supervised the packing and shipping of all goods for the company, and the general custom of packing and checking; that the goods came down on trucks from the third story; accompanying the goods were three slips, in triplicate, showing the lot number and quantity of suits; they were different colors, white, pink, and yellow; the goods as packed were checked with the slips, the yellow slip being placed in the box, the pink one retained by the packer, and the white one sent to the office, upon which the charges were entered. He was unable, and did not attempt, to state what goods were packed in the particular case. He stated that he had no records to show; that he did not know how many suits were shipped, or whether the case contained suits or overcoats.

The plaintiff then offered in evidence an affidavit, signed by Berger in 1919, February 17, more than a month after the shipment, to the effect that as shipper for the consignor he shipped to the consignee certain specified lot numbers of clothing, with the number of suits of each, on January 16, 1919; that the goods were shipped in one case, No. 6137, and were in good condition when leaving Philadelphia, going forward via Clyde Steamship Company. In explanation of the affidavit the witness testified that it was prepared by some one in the office and was accompanied by the slip; that he checked the affidavit with the slip before he signed the affidavit. The slip was not offered in evidence, and the witness did not testify that either it or the affidavit was correct, and made no effort to testify from memory refreshed

by either. The affidavit, as such, possesses no special sanctity ·which would justify its admission in evidence. If admissible at all, it would be as a memorandum, governed by the principles applicable to such a paper.

This matter ·has so recently been considered by this Court, and the principles so clearly enunciated, in an opinion by Mr. Justice Marion, in the case of *Gwathmey v. Foor Hotel Co.,* 121 S. C., 237; 113 S. E., 688, that we do not think it is necessary to do more than refer to that case as conclusive of the inadmissibility of the proffered affidavit. This case decides that there are two classes of cases in which the question arises: (1) Where the witness, after referring to the paper, speaks from his own memory, and depends upon his own recollection of the facts; (2) where he does not exercise his memory, but relies upon the paper, and testifies only because he finds the facts contained therein; that in the first class the paper is always permitted to be used by the witness without regard to when or by whom made; that in the second class, the paper cannot be used, unless it be an original paper, made by the witness himself and contemporaneously with the transaction referred to.

In the case at bar it is manifest that Berger did not speak as from the "revivification of a present actual memory," for he time and again disavowed any recollection of the particular transaction, and did not attempt, after referring to his affidavit, to speak of the contents of the box; and, even if it could be said that he testified to any facts be-- cause he found them recorded in the affidavit, it was not an original paper made by him contemporaneously with the transaction, for it appears to have been made up, not by him, but by some of the office force, from a slip not in evidence, and more than a month after the shipment. As is shown in the Gwathmey Case, substantially contemporaneously will be sufficient.

As to the second question: This question is concluded by the case of *Harter v. Railroad Co.*, 85 S. C., 192; 67 S. E., 290, against the contention of appellants.

The motion for a directed verdict was properly refused, and for error in admitting the affidavit the judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE WATTS (dissenting). This is an appeal from a judgment rendered in the County Court for Richland County for the sum of $1,000. in favor of plaintiff against defendant. At the close of the testimony both parties litigant asked for a directed verdict, which was refused by his Honor. After entry of judgment defendant appealed.

The first exception alleges error in admitting the affidavit of the witness Berger. Ordinarily this affidavit, made *ex parte,* should not have been admitted in evidence; but Berger was on the witness stand subject to examination and cross-examination, the affidavit was in the possession of the defendant's attorney, and as soon as witness saw the affidavit made by him, when the matter was fresh in his memory, his memory was refreshed and he could answer in detail The case shows that under the claim rule of the defendant the plaintiff was required to support its claim with the original invoice packer's affidavit (the one in question here), freight bill, original bill of lading, and freight waybill. These were filed with Southern Railway within the time required by the bill of lading.

Plaintiff made three demands for the return of the papers before suit, but they were not returned. Witness Berger, when examined, could not mention what items were shipped, but mentioned an affidavit he made concerning the matter. That affidavit was in Court in possession of defendant's counsel. It was produced, and Berger swore it was correct

as to the transaction.   The only inference from all the evidence is that the shipment was regular and Copeland Company did not receive the goods.

A *prima facie* case was made out against the defendants; they offered no testimony to rebut it.   Berger was on the stand subject to cross-examination; he had made the affidavit.   The affidavit did not contain hearsay statements; when the affidavit was produced by the defendant, he was testifying on the very point at issue; his affidavit was competent to refresh his memory; and we see no error on the part of his Honor in admitting it.

The second exception complains of error in not directing a verdict as asked for in favor of defendant.   This exception must be overruled.

The third exception alleges error on the part of his Honor that interest could be allowed.   This was virtually allowing an amendment to the complaint, and that was within the discretion of his Honor, and defendant was not taken by surprise or prejudiced.

All exceptions should be overruled, and judgment affirmed.