11426

BEAUFORT TRUCK GROWERS ASS'N v. SEABOARD AIR LINE

(121 S. E., 554)

1. APPEAL AND ERROR—EVIDENCE—ADMISSION OF TESTIMONY FROM MEMORANDUM MADE BY ANOTHER HELD HARMLESS ERROR; TESTIMONY FROM MEMORANDUM MADE BY ANOTHER HELD HEARSAY.—Testimony given from a memorandum made by a person other than witness is hearsay, but its admission is harmless where there is enough other testimony to sustain the verdict.

2. CARRIERS—EVIDENCE HELD SUFFICIENT TO SUSTAIN RECOVERY FOR DELAY IN TRANSPORTING VEGETABLES.—Evidence that the usual time for transportation between the point of delivery and the point of destination was three days, and that the car in which shipper's romaine, a highly perishable vegetable, was transported, arrived at its destination in a damaged condition six days from the date of shipment, *held* to sustain a recovery by shipper.

Before SEASE, J., Beaufort, March, 1923. Affirmed.

Two separate actions heard together by the Beaufort Truck Growers Ass'n for the use of Barnwell Pecan Com-

pany, against the Seaboard Air Line Rwy. Judgment for plaintiff and defendant appeals.

*Messrs Buist & Buist* and *W. J. Thomas,* for appellant, cite: *Burden on shipper to show condition of goods at inception of journey:* 119 S. E., 19. *Memoranda used to refresh memory:* 1 Mill 336, 373; 423. 2 Mill 213; 11 S. C., 195; 2 Nott & McCord 331; 1 Rich., 234; 14 S. C., 444; 72 S. C., 120; 74 S. C., 332; 212 S. C., 237; 119 S. E., 19; 65 S. C., 502; 46 S. C., 104; 41 S. C., 149; 15 S. C., 373.

*Mr. G. W. Beckett* for plaintiff-respondent.

February 16, 1924.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

These cases were heard together, marked A and B.

The exceptions in case A are:

"First Exception. It is respectfully submitted that his Honor, the trial Judge erred in admitting, over the objection of the defendant, the testimony of the witness Boller; the error being that the testimony was given from a memorandum made by a person other than the witness, was hearsay testimony, and was incompetent.

"Second Exception. It is respectfully submitted that his Honor, the trial Judge, erred in failing to strike out, upon the motion of the defendant, the testimony of the witness Boller that was not based on the witness' own recollection, but on a memorandum made by some other person."

These exceptions must be sustained under the authority of *Gwathmey v. Foor Hotel Co.,* 121 S. C., 237; 113 S. E., 688, and *Copeland Co. v. Davis* (S. C.), 119 S. E., 19; but inasmuch as there is enough evidence without this to sustain the verdict of the jury, we are of the opinion that the admission of this evidence was not prejudicial, and the judgment should be affirmed.

The exceptions in case B are:

"First Exception.   Because it is respectfully submitted that his Honor, the trial Judge, erred in overruling the motion of the defendant to strike out the testimony of the witness Aaron Levy as to the price at which the material was sold; the error being that the witness having testified that he did not, of his own knowledge, know the price, he could not thereafter testify as to that price from memoranda made by some other person.

"Second Exception.   Because it is respectfully submitted that his Honor, the trial Judge, erred in refusing to grant the motion of the defendant for a nonsuit that was made on the ground of failure of plaintiff to prove the condition of the vegetables at the inception of transportation; the error being that the motion should have been granted because the burden is on the plaintiff to show that the alleged damage to the vegetables was caused by the railway company, and there is no presumption that damage occurred in transit."

These exceptions are overruled.   The witness Aaron Levy testified sufficiently of his own knowledge independently of the memorandum, to carry the case to the jury; his Honor committed no error in so ruling; there is ample evidence to sustain the verdict of the jury.

The judgment in both cases is affirmed.

Messrs. Justices Fraser, Cothran, and Marion concur.

Mr. Chief Justice Gary did not participate.

### Concurring Opinion in Case A.

Mr. Justice Cothran (concurring):   I think that the judgment in this case should be affirmed upon the ground that there was sufficient relevant and admissible evidence tending to establish the plaintiff's cause of action, upon which the jury were to pass.   And upon the further ground that the exceptions do not comply with the rules of this

Court in pointing out specifically the testimony of the witness Boller to which exception is taken.

The evidence tends to show: That on April 26, 1920 (Monday), the plaintiff delivered to the defendant at Dale, S. C., 192 baskets of lettuce and 186 baskets of romaine, to be transported to consignees at New York, the selling agents of the plaintiff, for which the defendant issued its standard form bill of lading; that the car did not leave the initial shipping point until Wednesday, the 28th, and did not arrive in New York until Monday, May 3d, seven days from its delivery for shipment; that the usual time was three days between Dale and New York; that the car was insufficiently iced; that on account of the delay, the goods, perishable in their nature, where delivered in New York in a damaged condition, valued at 50 per cent.; that lettuce was selling at $3 per basket and romaine at $3.50 in New York. There was no controversy as to the facts that the goods were loaded in good condition and were received in bad condition. If they had been delivered in good condition, they would have been worth:

192 Baskets of lettuce at $3..................$  576  00
186 baskets of  romaine at $3.50..............   651  00

                                              . $1,227  00
50 per cent. loss ...........................$  613  50
The verdict was for plaintiff ...............$  565  00

The exceptions complain of error only as to the admission of the testimony of a witness Boller, an employee of the consignees in New York. He testified positively, of his own knowledge, that he personally handled the shipment; that it was damaged 50 per cent. on account of the delay; the market price of lettuce and romaine as above stated. It is difficult to ascertain what part of his testimony was objected to or covered by the exceptions, and the burden is not upon the Court to ferret that out. Rule V. subd. 6.

Mr. Justice Marion concurs.

## CONCURRING OPINION IN CASE B.

MR. JUSTICE COTHRAN (concurring) :  I concur in affirming the judgment in this case.   The evidence tends to show:  That on April 30, 1920, the plaintiff delivered to the defendant at Dale, S. C., 379 baskets of romaine to be transported to consignee at New York, the selling agents of the plaintiff, for which the defendant issued its standard bill of lading; that the car did not arrive in New York until May 5th, six days from the delivery for shipment; that the usual time between New York and Dale was three days; that on account of heating and delay the goods, perishable in their nature, were delivered in New York in a damaged condition, the damage amounting to at least $1.25 per basket. If the goods had arrived in good condition, they would have been worth 396 times $1.25, $495 more than was realized The verdict was for the plaintiff, $127.54.

The exceptions assign error:  (1) In refusing the defendant's motion for a nonsuit upon the ground "that the plaintiff has failed to prove the condition of the vegetables when they left here"; and (2) In admitting the testimony of the witness Levy, an employee of the consignees in New York, as to the price at which the goods were sold, he having no knowledge of that fact, but testifying from memoranda made by some other person.

As to the first assignment of error:

There is a marked difference between the loss of goods in a shipment, and damage thereto.   The one indicates a deficiency in quantity; the other injury to the goods, the quantity being unaffected.   In the case of loss of goods, it is essential to establish the fact that the goods were actually received by the carrier, which may be done by positive evidence or by issuance of a bill of lading under circumstances pointed out in *Copeland v. Davis* (S. C.), 119 S. E., 19.   In the case of damage to goods, it is equally essential to establish the fact that the goods were received by the carrier in good condition.   This fact may be established by positive

evidence, by the specific statement of the bill of lading to that effect, by the nature of the goods, by the character of the injury, or by other circumstances from which the jury might be justified in concluding that the goods were received by the carrier in good order.

The Copeland Case presented an instance of the loss of a part of the shipment which was received by the carrier as "one case clothing No. 137, contents and condition of contents of package unknown"; and this Court held that it was incumbent upon the consignee (in that case) to establish the fact that certain suits of clothes alleged to have been "short" were actually packed in the box delivered to the carrier.

In the case at bar, while there was no direct evidence that the vegetables were in good order when delivered to carrier, there was evidence tending to show that the condition in which they were delivered in New York was caused by the treatment of the shipment in transit.    "The delay in arrival of the car caused the romaine to appear heated and wasty. * * * This condition was produced by the romaine being kept in closed conveyance and shipment delayed."    Taken in connection with the admission of counsel for appellant in their printed argument, "Romaine is as highly perishable as any product that moves by railroad," it cannot be said that there was no evidence tending to show that the shipment was in good order when received by the carrier.

As to the second assignment of error:

I concur in the conclusions of Mr. Justice Watts.

MR. JUSTICE MARION concurs.