13475

M. H. FELDER & CO. v. ATLANTIC COAST LINE RY. CO.

(165 S. E., 730)

Mr. J. S. Bowman, for appellant,

Messrs. Lide & Felder, C. E. Summers and Douglas McKay, for respondent.

September 10, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

Appellant brought its action against the respondent to recover the sum of $99.00, alleged damages to a shipment of potatoes by D. J. Halloran & Co. of Boston, to themselves at Savannah, Ga., advise J. L. Budreau Company. From Savannah the potatoes were shipped over respondent's line of railroad to Orangeburg, S. C., and it is claimed by plaintiff that the shipment was in a damaged condition when unloaded. A claim for $99.00, the amount of the alleged damage, was filed and payment refused. This suit followed in the County Court for Orangeburg County.

The action is predicated upon the view that the shipment was a through one from Boston to Orangeburg; that the defendant was the connecting terminal carrier, and delivered the goods in a damaged condition—hence is liable.

The defense is founded upon the view that the original shipment from Boston terminated at Savannah, that the shipment from Savannah was a new contract of shipment, and that the presumption that the damage occurred on defendant's line did not arise.

At the close of the testimony for plaintiff, the defendant moved for a directed verdict which was granted on the ground that there was no evidence that the potatoes were in sound condition when delivered to the defendant at Savannah.

The plaintiff appeals upon four exceptions, but there is, really, but one question, viz.: If the shipment was a through one from Boston to Orangeburg, plaintiff had a cause of action against respondent and such proof to sustain it as entitled it to go to the jury. If the original contract of transportation ended at Savannah, and a new one was made when the potatoes were shipped from Savannah to Orangeburg, and plaintiff offered no evidence of the sound condition of the commodity, when shipped from Savannah, then the plaintiff failed in its proof, and the trial Judge was correct when he directed the verdict in favor of the defendant.

The plaintiff introduced all the evidence—the defendant offered none.

There can be no denial of the correctness of the two propositions for which appellant contends, to wit: (1) That, when a through shipment is delivered in a damaged condition, the presumption is that the damage occurred on the line of the connecting terminal carrier; (2) that a consignor has the right to divert a shipment while it is in transit. Plaintiff's trouble is that there is no evidence in this case to which these rules of law are applicable. The evidence shows conclusively that this was not a through shipment

from Boston to Orangeburg with the last leg the Atlantic
Coast Line Railroad Company. It appears from the original
bill of lading that D. J. Halloran & Co. of Boston shipped
over the Ocean Steamship Company line to themselves at
Savannah, Ga., advise J. L. Budreau Company, the freight
over which this controversy arises. The invoice of J. L.
Budreau Company shows that they sold this same freight
commodity to Columbia Brokerage & Storage Company,
Columbia, S. C., and shipped it to the Columbia company,
at Orangeburg, S. C. The freight bill shows that the po-
tatoes were shipped by J. L. Budreau Company over the line
of the Atlantic Coast Line Railroad Company to Columbia
Brokerage & Storage Company at Orangeburg, S. C. Mr.
Felder, the president of the plaintiff corporation—appellant
here—testified as follows: "I paid Mr. Womble, (the rail-
road agent) $196.35 which was finally paid back for the
reason that the freight was paid by the Columbia people.
The Savannah people made out this bill. I got the shipment
on a delivery order from the Columbia people. The freight
was paid by the Columbia Brokerage & Storage Company."

The deduction is irresistible in its conclusion that the
shipment from Boston was to J. L. Budreau Company, that
company received it and sold the potatoes to Columbia
Brokerage & Storage Company. The first contract of ship-
ment ended at Savannah when the freight was delivered to
J. L. Budreau Company. A new contract of shipment was
made when the Budreau Company, having sold the potatoes
to Columbia Brokerage & Storage Company, shipped them
to that concern at Orangeburg over the line of the Atlantic
Coast Line Railroad Company. In these circumstances it
was incumbent on the plaintiff to show that the potatoes
when delivered to the defendant at Savannah were in sound
condition.

"The term usually employed, 'loss and damage,' applied
to shipments, includes both goods received in a damaged
condition and short shipments; that is, where the goods de-

livered to the consignee are deficient in quantity. In either case the burden is first upon the consignor or consignee to show the condition or quantity of the goods when they were delivered to the first of the connecting carriers." *Copeland Co. v. Davis, Dir. Gen., et al.,* 125 S. C., 449, 119 S. E., 19, 20.

Under the contract of shipment made at Savannah, the respondent was the initial, as well as the terminal, carrier. There is an utter failure of evidence to show the condition of the potatoes when delivered to it at Savannah for transportation to Orangeburg.

His Honor, the trial Judge, was correct in directing a verdict for defendant.

The appeal is dismissed, and the judgment of the lower Court is affirmed.

Mr. Chief Justice Blease, and Messrs. Justices Stabler and Carter and Mr. W. C. Cothran, Acting Associate Justice, concur.