18102

Connie Mae HATCHELL, Appellant, v. Robert B. McCRACKEN, Respondent

(132 S. E. (2d) 7)

*Messrs. B. Eugene Mixon, Jr.* and *Sapp & Mixon,* of Columbia, *for Appellant,*

*Messrs. J. Reese Daniel* and *Walter S. Monteith,* of Columbia, *for Respondent,*

July 25, 1963.

. Bussey, Justice.

In this action to recover damages for personal injuries, resulting from an automobile accident, the plaintiff-appellant recovered a verdict for $258.50. Thereafter, the plaintiff moved for judgment *non obstante veredicto,* or for a new trial, upon five grounds, all of which were based upon the contention that the verdict was inadequate, unreasonable and unresponsive to the proof. The motion resulted in the following order of the trial court.

"This matter comes before the Court on motion by the plaintiff at the conclusion of the trial for judgment *non obstante veredicto,* or in the alternative for a new trial on the grounds that the jury's verdict was inadequate. The plaintiff produced medical and hospital bills of approximately Five Hundred Dollars and/100 ($500.00), but there was a conflict in the plaintiff's testimony as to how much of plaintiff's damages were sustained by reason of the collision with the defendant, with medical testimony that plaintiff suffered from a pre-existing condition which could have been partly responsible for the medical costs, which condition did not arise out of the acts of the defendant. However, defendant indicates a willingness to increase the amount of the jury's award by Three Hundred Dollars and no/100 ($300.00), which in view of the above stated conflict and the total amount of bills, I conclude would adequately compensate plaintiff.

"IT IS, THEFEFORE, ORDERED, That the plaintiff is granted a new trial *nisi,* unless the defendant submit to

a judgment in the sum of Five Hundred Fifty-eight Dollars and 50/100 ($558.50).

"IT IS FURTHER ORDERED, That if the defendant tender the sum of Five Hundred Fifty-eight Dollars and 50/100 ($558.50) to plaintiff within ten (10) days from this order, then the motion be denied."

As we construe the order of his Honor, he concluded that the verdict was, as alleged by the plaintiff, inadequate and that it should be set aside. Certainly, the order reflects a concession of inadequacy on the part of the defendant. His Honor did not, as contended by the defendant, grant the plaintiff's motion for a judgment *non obstante veredicto*, thus leaving her in no position to appeal from relief granted on her motion. In view, however, of defendant's contention that his Honor did so, it might not be amiss to point out that such a motion here was not even appropriate. The general rule seems to be that a judgment *non obstante veredicto*, in an amount greater that the verdict of the jury, may be entered only when the evidence supporting it is uncontradicted and unimpeached so that the verdict could and should have been entered in the exact amount of the judgment. See 49 C. J. S. 174, Section 60 (g). Here, the damages were, of course, unliquidated and very much in dispute.

In the case of *Bohumir Kryl Symphony Band v. Allen University*, 196 S. C. 173, 12 S. E. (2d) 712, this court said:

"Conceding, without so deciding, that the trial Judge had the power to grant respondent's motion for judgment notwithstanding the verdict of the jury, he could do so only for the reason he should have directed a verdict for the respondent during the trial of the case, and upon the grounds of the motion duly made therefor."

Here, the damages being unliquidated and very much in dispute, the judge could not have directed a verdict for the plaintiff, as to the amount of the damages, during the trial

of the case, even if the plaintiff were entitled to a directed verdict on all other issues.

While several questions are stated in the briefs of counsel, the only real question before us is whether the trial judge, having determined that the verdict was inadequate and that a new trial should be ordered, had the right to condition such a new trial, over the objection of the plaintiff, solely upon the failure of the defendant to pay an amount, which the defendant expressed a willingness to pay, and which the judge concluded would adequately compensate the plaintiff, the plaintiff contending that she was entitled to a greater amount.

This precise question has not heretofore been before this court, but a number of our decisions throw light upon what we think to be the proper answer to that question. In the case of *Stone & Clamp v. Holmes,* 217 S. C. 203, 60 S. E. (2d) 231, the court said:

"If in the estimate of the trial court, the verdict of the jury is wrong and erroneous, the court can avoid it only by setting it aside and granting a new trial. The trial judge cannot, under the power of amending the verdict, invade the province of the jury or substitute his verdict for theirs, *Lorick & Lowrance v. Julius H. Walker & Co.,* 153 S. C. 309, 150 S. E. 789."

The power and duty of a trial court, with respect to verdicts of juries in law cases which are either excessive or inadequate, are discussed at some length in *Anderson v. Aetna Casualty & Surety Co.,* 175 S. C. 254, 178 S. E. 819, where a number of South Carolina cases, as well as cases from other jurisdictions, are cited and discussed. The issue in that case was whether the Supreme Court had the power to increase the verdict of a jury, the defendant objecting. From the opinion in that case we quote the following:

"Although the court may amend a verdict, the amendment must be accompanied with an option of a new trial *nisi* to the party against whom amendment militates. * * *

"For the court to amend a verdict in a law case without an accompanying option of a new trial *nisi* to the party against whom the amendment operates adversely amounts to an invasion of the province of the jury. * * *

"Where damages for a tort have been assessed by a jury at one entire sum, the court, upon a motion for a new trial, cannot, according to its own estimate of the amount of damages, which the plaintiff ought to have recovered, enter an absolute judgment for any other sum than that assessed by the jury. *Kennon v. Gilmer*, 131 U. S. 22, 9 S. Ct. 696, 33 L. Ed. 110."

It has long been settled in this state that a trial judge on a motion for a new trial has the power in a proper case to reduce an excessive verdict of a jury, provided he allows the plaintiff the option of a new trial *nisi,* but that he cannot reduce it absolutely, without such an option, as to do so would amount to an invasion of the province of the jury, the plaintiff having the legal right in an action at tort for unliquidated damages to have the amount of damages determined by a jury. *Gwathmey v. Foor Hotel Co., et al.,* 121 S. C. 237, 113 S. E. 688.

The only decision of this court coming to our attention which deals, even by way of dicta, with the power of a trial court to increase the amount of a jury verdict upon giving the defendant the option of new trial *nisi,* is *Middleton & Co. v. A. C. L. R. Co.,* 133 S. C. 23, 130 S. E. 552. There the court, after discussing the remedy avaliable to the defendant with respect to an excessive verdict, said:

"So where the verdict is for an amount less than the plaintiff conceives it should have been, the remedy of the plaintiffs is exactly the same."

The court went on to point out that if it could not reduce a verdict absolutely, it seemed clear that it could not increase it upon plaintiff's motion except indirectly in the manner stated, through the indirect method of a new trial *nisi.*

In our view, the opinion in the *Middleton* case, for several reasons, does not support the action of the trial judge here.

The real question in the *Middleton* case was whether the Supreme Court could increase, what was, in effect, a verdict below, by adding interest, an item susceptible of precise calculation. No question was involved as to the power, of either the trial court or the Supreme Court, to raise an inadequate verdict involving unliquidated damages to an amount less than that claimed by the plaintiff and thereupon enter a judgment, absolute as to the plaintiff, and bring the plaintiff's right to a jury trial to an end.

Of course, if the court here had raised the verdict, on the motion of the plaintiff, to an amount which the plaintiff contended she was entitled, and allowed only the defendant the option of a new trial *nisi,* the error, if any, would have been harmless, since the plaintiff would have been satisfied and the defendant, having the option of a new trial, would have no basis of complaint. The court, however, did not do this. The court determined that the verdict was inadequate, fixed the amount of the recovery, which became absolute as to the plaintiff upon the willingness of the defendant to pay that amount, and thereby cut off plaintiff's legal right to have her damages properly assessed by a jury.

There being no question as to the legal right of the plaintiff, in her action in tort for unliquidated damages, to have the amount of damages properly determined by a jury, the order of the circuit judge must be adjudged erroneous insofar as it rendered the amount of the judgment absolute against the plaintiff, without allowing the plaintiff the option of a new trial *nisi.* In this respect, his Honor invaded the province of the jury.

A case directly in point with the case at bar is the decision of the United States Supreme Court in *Dimick v. Schiedt,* 293 U. S. 474, 55 S. Ct. 296, 79 L. Ed. 603. The conclusion which we here reach is in accord with the logical and very illuminating opinion of Mr. Justice Sutherland in that case, from which opinion we quote as follows:

"Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted

to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess—in that sense that it has been found by the jury—and that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict. When, therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any senmblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.' "

Reversed and remanded for a new trial.

TAYLOR, C. J., and Moss, LEWIS and BRAILSFORD, JJ., concur.