19757

FORD MOTOR CREDIT COMPANY, Respondent, v. Sudie W. O'NEILL, Administratrix of the Estate of J. Marvin O'Neill, and Sudie W. O'Neill, Individually, Appellant.

(205 S. E. (2d) 170)

414

*Messrs. Malcolm K. Johnson,* and *Sidney S. Tison, Jr.,* of Hartsville, *for Appellant,*

*John W. Foard, Jr., Esq.,* of Columbia, *for Respondent,*

May 7, 1974.

*Per Curiam:*

In this claim and delivery action the defendant-appellant interposed a counterclaim alleging a cause of action for breach of contract, accompanied by a fraudulent act. Upon trial, the jury verdict was in favor of the appellant on the counterclaim, awarding her actual damages and, additionally, punitive damages in the sum of $5,000.00. Upon motion of the plaintiff-respondent for judgment notwithstanding the verdict, the trial judge reduced the punitive damage verdict to the sum of $1,000.00, but did not accord the appellant the option of a new trial.

There are two exceptions. Both charge that the court erred in reducing the jury verdict—the first, in doing so without granting the option of a new trial and, the second, because the court was without such power unless a new trial *nisi* is granted. Appellant states the question to be decided as follows: "Does the court have the power on a motion for judgment notwithstanding the verdict to reduce such verdict?"

While we were not initially of that view, after further consideration, we think that appellant's statement of the issue to be decided is correct and that our decision should be so limited.

It is quite clear, under the well settled law of this jurisdiction, that the trial judge had no authority to reduce the punitive damage verdict, without allowing the defendant the option of a new trial *nisi*. See *Hatchell v. McCracken*, 243 S. C. 45, 132 S. E. (2d) 7; *Gwathmey v. Foor Hotel Company*, 121 S. C. 237, 113 S. E. 688, and various cases cited therein.

The question here is as to how the error is to be corrected. Appellant contends that the trial judge was without authority to reduce the verdict under a motion for judgment notwithstanding the verdict and that the verdict of the jury should be reinstated. Respondent, on the other hand, relying upon the *Gwathmey* case, argues that this court should now order a new trial unless appellant agrees to accept the verdict as reduced by the lower court.

The manner in which the error of the lower court is to be corrected depends upon the scope of the appeal.

The record shows that, when the verdict was returned, respondent moved for judgment notwithstanding the verdict only as to the verdict for punitive damages, upon the grounds that (1) there was no evidence of fraudulent breach of contract and (2) the verdict was excessive and capricious. After some colloquy between the court and counsel, the court stated: "I think the five thousand dollar verdict is

highly excessive, . . . And I am reducing the . . . punitive damages verdict to the sum of one thousand dollars . . . , and let the record so show."

After the foregoing ruling, counsel for appellant moved "for a new trial on the grounds that the five thousand dollars was not excessive and your Honor was in error in reducing it." To this the court replied: "You can appeal to the Supreme Court, Sir. I have already ruled on that, Sir." The court then asked counsel for respondent if they wished to consent to a new trial, to which counsel replied: "I am not going to consent to any new trial."

It is clear that respondent did not move for a new trial and the trial judge did not consider that respondent had made such a motion. The inquiry by the court as to whether respondent would consent to a new trial is indicative of the realization by the court that the motion made did not embrace such relief. Although the court held that the verdict was excessive and reduced the amount, a new trial *nisi* was not granted. On the contrary, judgment was entered in the reduced amount, notwithstanding the verdict. That respondent acquiesced in the court's interpretation of that motion is clearly shown by counsel's statement that he would not consent "to any new trial." Respondent did not move for a new trial, did not want one, and plainly rejected the proffer by the trial judge of such relief. There is no doubt here as to the relief sought by respondent.

Therefore, the relief which could be granted by the lower court was limited to that permitted under respondent's motion for judgment notwithstanding the verdict. This appeal is from the judgment entered pursuant to that motion.

The relief now sought by respondent, *i.e.*, that the defendant be required to accept the reduced verdict or submit to a new trial, was not sought in the lower court or encompassed within the motion made. The question, therefore, of whether the lower court, in reducing the verdict, should

have granted the option of a new trial is not before us. The only question presented is whether the lower court had authority, under the motion for judgment notwithstanding the verdict, to reduce the verdict and enter final judgment for the reduced amount. It clearly did not have such authority.

The *Gwathmey* decision, in which this Court modified the order of the lower court to grant the option of a new trial, does not afford respondent any relief. In that case, defendant (against whom the verdict was rendered) moved for a new trial and the relief granted on appeal was clearly within the issues presented in the lower court.

The judgment is accordingly reversed and the cause remanded for the entry of judgment in accordance with the verdict.